# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY DEWAYNE JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 12-CV-00138-GKF-TLW ) |
| JASON BRYANT,[1] Warden, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, Jimmy Dewayne Jones, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 8), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 9). Petitioner filed a reply (Dkt. # 10). For the reasons discussed below, the petition is denied.

## *BACKGROUND*

On September 9, 2010, a home in Tulsa, Oklahoma, was burgled. See Dkt. # 9-1, Tr. Prelim. Hr'g. An officer who arrived on the scene observed Petitioner exit the home through a bedroom window and begin to run away. Id. at 27-28. Officers pursued Petitioner, and, after a short chase, took Petitioner into custody. Id. at 28-29. Officers found items from the home in Petitioner's possession. Id. at 29-30.

Based on these facts, Petitioner was charged by Information filed in Tulsa County District Court, Case No. CF-2010-3543, with First Degree Burglary. (Dkt. # 8-3 at 1). A second page

---

[1] Petitioner is incarcerated at the James Crabtree Correctional Center. The proper party respondent is the current warden of the facility, Jason Bryant. Therefore, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, and Rule 25(d)(1), Federal Rules of Civil Procedure, Jason Bryant is hereby substituted as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

identified one (1) prior felony conviction. Id. at 3. At preliminary hearing, the State was unable to produce a Judgment and Sentence for the prior conviction and struck the second page. See Dkt. # 9-1, Tr. Prelim. Hr'g at 31-32. During plea negotiations, Assistant Public Defender Matt Tarvin represented Petitioner. See Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g. The state offered Petitioner a ten (10) year sentence in exchange for a guilty plea. Id. at 23. Petitioner rejected the plea offer, see id., and instead, entered a blind plea of no contest to the Information. (Dkt. # 9-2, Tr. Blind Plea Hr'g). At the time of his blind plea, Petitioner was represented by Assistant Public Defender Adam Haselgren, who was standing in for Matt Tarvin. See id. at 3. Because the state had previously stricken the second page of the Information,[2] Petitioner faced a punishment range of seven (7) to twenty (20) years imprisonment. (Dkt. # 8-3 at 6 ¶ 16).

During the blind plea hearing, the trial judge advised Petitioner two (2) times that he faced a maximum sentence of twenty (20) years imprisonment and up to a $5,000 fine. See Dkt. # 9-2 Tr. Blind Plea Hr'g at 5-6, 7. At the conclusion of the blind plea hearing, at the request of defense counsel, the trial judge ordered the Department of Corrections to complete a pre-sentence investigation report. Id. at 8. The pre-sentence report revealed Petitioner had two prior felony convictions, in contrast to only one conviction listed on the stricken second page.[3] See Dkt. # 8-3 at 4. On March 28, 2011, at the sentencing hearing, both parties informed the trial judge they had

---

[2] The "second page" lists a defendant's alleged prior convictions. Had the second page not been stricken, Petitioner would have faced a higher sentencing range.

[3] Both prior convictions were from states other than Oklahoma. The first, which was listed on the second page before it was stricken, was a First Degree Burglary conviction entered in Missouri in 2000. The second, which had not been included on the second page, was an Attempted Burglary conviction entered in Illinois in 2007. Defense counsel stated he was unaware of the 2007 conviction until he read the pre-sentence report. See Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g at 24-26, 28.

received a copy of the report. (Dkt. # 9-3, Tr. Sent. Hr'g at 3). After hearing testimony from the burglary victims, and argument from counsel, the trial judge sentenced Petitioner to twenty (20) years imprisonment. Id. at 24.

Petitioner filed a timely motion to withdraw his blind plea. See Dkt. # 9-4, Tr. App. Withdraw Plea Hr'g at 4-5. On May 3, 2011, the trial judge held a hearing on the motion. (Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g). Attorney Brian Aspan represented Petitioner at the hearing. Id. At the conclusion of the hearing, the trial judge denied Petitioner's motion to withdraw his blind plea. Id. at 31-33.

Represented by attorney Terry J. Hull, Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 8-1. He raised the following proposition of error:

> Proposition I: Petitioner's plea was not entered knowingly and intelligently because he was operating under a fundamental misunderstanding of the consequences of his plea due to the ineffective assistance of plea counsel, in violation of his rights under the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7 and 20, of the Oklahoma Constitution.

Id. at 9. In an unpublished Summary Opinion, filed November 29, 2011, in Case No. C-2011-404, the OCCA denied the petition and affirmed the Judgment and Sentence of the district court. (Dkt. # 8-2).

Petitioner commenced this federal action by filing a pro se petition for writ of habeas corpus (Dkt. # 1). Petitioner raises the same ground for relief he raised on certiorari appeal. In response to the petition, Respondent argues the OCCA's adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, federal law as established by the Supreme Court. See Dkt. # 8 at 4.

3

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner raised Ground I to the OCCA on certiorari appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir.

2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his habeas claim to the OCCA on certiorari appeal. Because the OCCA addressed Petitioner's claim on the merits, the Court will review the claim under the standards of § 2254(d).

**Ineffective Assistance of Counsel (Ground I)**

As his sole ground of error, Petitioner claims "that plea counsel's failure to conduct a reasonably competent investigation into his criminal history resulted both in counsel's admitted failure to render reasonably competent advice about the consequences of rejecting the State's favorable plea offer and the doubling of Petitioner's sentencing exposure by entering a blind plea."

5

(Dkt. # 1 at 30). Specifically, Petitioner argues he rejected the ten (10) year plea offer from the state because his counsel advised him he could receive a one (1) year judicial review[4] if he entered a blind plea to the trial court instead. See Dkt. # 1 at 28-29. However, because Petitioner had in fact been confined in a state prison within ten (10) years preceding the entry of his sentence, he was ineligible to request a judicial review. See id. at 29, 33-34.

Petitioner further contends that, while counsel did file a "Motion for Discovery and Inspection" requesting the state provide a record of Petitioner's past criminal convictions, counsel failed to follow up on this request or to object at sentencing to the additional conviction included in the pre-sentence investigation report. See Dkt. # 1 at 35-40. Petitioner asserts that "had he known [ ] he would not have been entitled to a 1 year review [due to his previous felony convictions] then he would have taken the original 10 year plea offer." (Dkt. # 10 at 1). In rejecting this claim on certiorari appeal, the OCCA ruled Petitioner "ha[d] not shown that plea counsel's representation was unreasonable under prevailing professional norms resulting in prejudice to him." (Dkt. # 8-2

---

[4] At the time of Petitioner's sentencing, Oklahoma law provided that the trial judge retains jurisdiction to conduct a "judicial review" and modify a sentence pursuant to the following terms:

> Any time within twelve (12) months after a sentence is imposed or within twelve (12) months after probation has been revoked, the court imposing sentence or revocation of probation may modify such sentence or revocation by directing that another sentence be imposed, if the court is satisfied that the best interests of the public will not be jeopardized; provided, however, the court shall not impose a deferred sentence. This section shall not apply to convicted felons who have been in confinement in any state or federal prison system for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed. Further, without the consent of the district attorney, this section shall not apply to sentences imposed pursuant to a plea agreement.

Okla. Stat. tit. 22, § 982a(A) (Supp. 2010).

at 1). Respondent argues the OCCA's ruling was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See Dkt. # 8 at 4.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential lens" of § 2254(d)).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice,"

7

his claim of ineffective assistance fails. See Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. In accord with Strickland, a defendant challenging the effective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Hill,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59.

However, as the Supreme Court recently explained in Missouri v. Frye, 132 S. Ct. 1399, 1410-11 (2012), "Hill does not [ ] provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations." In Frye, the defendant argued that, with effective assistance of counsel, he would have accepted an earlier plea offer from the state instead of entering a blind plea. Id. at 1410. As the Court explained,

> In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable plea offer, Strickland's inquiry into whether 'the result of the proceeding would have been different,' requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

8

Id. (internal citations omitted). The Supreme Court has noted this prejudice analysis applies "where a plea offer has lapsed or been rejected because of counsel's deficient performance." See id. at 1409; see also Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

In addition to showing a reasonable probability that Petitioner would have accepted the original plea offer, to complete the showing of Strickland prejudice a Petitioner must also show that,

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposted.

Lafler, 132 S. Ct. at 1385. This further showing is "of particular importance because a defendant has no right to be offered a plea, nor a federal right that the judge accept it." Frye, 132 S. Ct. at 1410 (internal citations omitted).

After careful review of the record, the Court finds Petitioner has failed to show his counsel's performance was deficient. At the hearing on Petitioner's motion to withdraw his plea, counsel testified he relied upon his conversations with Petitioner, as well as the second page of the Information, to determine how many felony convictions Petitioner had at the time. See Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g at 28. Based on this information, counsel testified he was aware of only one prior felony conviction. Id. Counsel stated, had he known of Petitioner's two prior felony convictions, he "would have explained to [Petitioner] that a judicial review would not have been something that we would [have] be[en] able to obtain." Id. at 26.

Petitioner has failed to show counsel performed below the level expected from a reasonably competent attorney as required by Strickland. While Petitioner argues he told counsel about his additional prior conviction, see id. at 10, nothing in the record, other than Petitioner's self-serving

9

statement, supports the conclusion that counsel had reason to know Petitioner was ineligible to request judicial review. In addition, while the record does not show counsel attempted to investigate Petitioner's criminal history beyond reviewing the second page and conversing with his client, even "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 690-91. The record demonstrates that counsel's decision not to conduct additional investigation into Petitioner's criminal history, and instead to rely upon the second page and his conversations with Petitioner, was reasonable. As the Supreme Court has explained, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy level of deference to counsel's judgments." Id. at 691. Petitioner has failed to show counsel's failure to conduct a complete investigation rendered his performance deficient.

The Court acknowledges that, in support of his claim, Petitioner points to counsel's failure to object at sentencing to the second felony conviction included in the pre-sentence investigation report. See Dkt. # 1 at 40. However, even assuming counsel's performance was deficient during Petitioner's blind plea or subsequent sentencing, Petitioner cannot show prejudice as required by Strickland. To complete Strickland's inquiry into whether "the result of the proceeding would have been different," see Strickland, 466 U.S. at 694, this Court must determine whether there is a reasonable probability that Petitioner would have accepted the previous plea offer absent ineffective assistance of counsel. Frye, 132 S. Ct. at 1410. In Frye, the Supreme Court held there was a reasonable probability the defendant would have accepted the previous plea offer "because he

pleaded guilty to a more serious charge, with no promise of a sentencing recommendation from the prosecutor." Id. at 1411. However, as the Supreme Court explained,

> It may be that in some cases defendants must show more than just a guilty plea to a charge or sentence harsher than the original offer. For example, revelations between plea offers about the strength of the prosecution's case may make a late decision to plead guilty insufficient to demonstrate, without further evidence, that the defendant would have pleaded guilty to an earlier, more generous offer.

Id. The Tenth Circuit has noted a petitioner "bears the burden of 'affirmatively prov[ing]' that there is a reasonable probability that he would have accepted the plea." United States v. Watson, 766 F.3d 1219, 1227 (10th Cir. 2014) (citing Strickland, 466 U.S. at 693; Frye, 132 S. Ct. at 1410; Lafler, 132 S. Ct. at 1385).

While Petitioner pled to the same charge, he did so without any promise of a sentencing recommendation from the prosecutor and received a harsher sentence than the original offer. Therefore, the judgment and sentence imposed by the trial judge was more severe than the terms of the original plea offer. Petitioner expressed his dissatisfaction with the state's plea offer, and rejected it, at least in part, due to the possibility of receiving judicial review if he entered a blind plea to the trial court:

> PROSECUTOR: At some point in the past when you were being prosecuted by the State of Oklahoma, the State of Oklahoma said, listen, Mr. Jones, if you want to work this thing out right now, we'll offer you ten years, right?
>
> PETITIONER: Yes, sir.
>
> PROSECUTOR: That happened? And you decided I don't want to take ten years, right?
>
> PETITIONER: When I was told I'd get a one-year review by Mr. Tarvin, yeah.

| | |
|---|---|
| PROSECUTOR: | Okay. Now, before, you had the chance to enter a plea and take ten years, and you didn't like that idea of going to prison for ten years, did you? |
| PETITIONER: | No, no, I didn't. |
| PROSECUTOR: | All right. But now, now that your entire history has been fleshed out and Judge Caputo got to see who you really are, got to see your entire criminal history, now that ten years looks pretty doggone good, doesn't it? |
| PETITIONER: | No, sir, it don't. |
| PROSECUTOR: | You think you deserve less? |
| PETITIONER: | I'm saying – I don't know. No. |

(Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g at 16).

Even assuming without finding Petitioner has shown a reasonable probability he would have accepted the earlier plea offer, Petitioner has failed to satisfy the second part of the Frye standard for establishing prejudice under Strickland. See Frye, 132 S. Ct. at 1410. As the Court in Frye explained, "if the trial court could have refused to accept the plea agreement, and if [the defendant] fails to show a reasonable probability that the trial court would have accepted the plea, there is no Strickland prejudice." Id. at 1411.

In Oklahoma, a trial court can refuse to accept a guilty plea. Beck v. Rudek, 2012 WL 32304859 at *12 (W.D. Okla. July 12, 2012) (unpublished)[5] (citing State ex rel. Stout v. Craytor, 753 P.2d 1365, 1368 (Okla. Crim. App. 1988); Stewart v. State, 568 P.2d 1297, 1300 (Okla. Crim. App. 1977)), accepting recommended disposition, 2012 WL 3230483 (W.D. Okla. August 6, 2012) (unpublished), appeal dismissed, 507 Fed. App'x 803 (10th Cir. 2013) (unpublished) (certificate of

---

[5]  This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

appealability denied). Petitioner has failed to show a reasonable probability that the trial court would have accepted the plea agreement. See Watson, 766 F.3d at 1227 (holding a petitioner is required to provide arguments or evidence related to this additional showing). Therefore, Petitioner has failed to make the necessary prejudice showing required by Strickland. See Frye, 132 S. Ct. at 1411.

Petitioner has failed to show the OCCA's adjudication of his claim is contrary to, or an unreasonable application of, federal law as established by the Supreme Court. Petitioner's habeas petition shall be denied.

## C. Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court

of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Court Clerk shall note on the record the substitution of Jason Bryant, Warden, in place of Justin Jones, Director, as party respondent.
2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment in favor of Respondent shall be entered in this matter.
4. A certificate of appealability is **denied**.

**DATED** this 25th day of February, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT